IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ALEJANDRO DE-JESUS-GRANADA

Petitioner

vs                                                        CIVIL 97-1650CCC

UNITED STATES OF AMERICA            (Cr. 95-0213CCC)

Respondent

**OPINION AND ORDER**

Background

On December 19, 1995, pursuant to a plea of guilty as to the charges brought under Count Two of the Indictment returned against him,[1] petitioner Alejandro de-Jesús-Granada was sentenced to serve a term of imprisonment of 78 months followed by 5 years of supervised release, judgment being entered accordingly. (See criminal docket entry 33). His judgment of conviction and sentence were eventually affirmed on direct appeal. United States v. de Jesús Granada, Appeal No. 96-1294 (1st Cir. 1996) (not for publication). (Criminal docket entries 34-35). Now before the Court is petitioner's motion for relief pursuant to 28 U.S.C. §2255.

Petitioner's Section 2255 Motion and the United States' Opposition Thereto

Petitioner grounds his request for relief on the following claims of error by the Court: (1) accepting his guilty plea and sentencing him without regard to his mental illness, a fact that was allegedly disclosed to both his attorney and the probation officer;[2] (2) sentencing petitioner

---

[1] Count Two of the Indictment charged that petitioner "...knowingly, willfully, unlawfully, and intentionally did import into the United States from a place outside thereof, that is, Colombia, approximately two (2) kilograms (gross weight) of heroin..." (Criminal Docket No. 7).

[2] According to the petitioner, he "was legally incompetent" to plead guilty and his "Probation Officer and [] defense attorney had complete knowledge of [his] mental illness and [] lack of health." Petitioner also alleges that his probation officer and defense attorney are both responsible for the "wrongdoings, mistakes and error" in the process, including the fact that the information does not appear in the Presentence Investigation Report. (Docket No. 2, p. 10 ¶ 12 k)).

without reductions based on his minor participation and cooperation with the government, or departing downward due to extraordinary mitigating circumstances.

The United States has opposed petitioner's motion alleging that it is meritless and that the issues raised therein are procedurally defaulted as he failed to raise them on direct appeal; it contends that the appellate ruling has become the law of the case at bar.

Discussion

In the unpublished opinion entered dismissing petitioner's direct appeal, de-Jesús-Granada, supra, the Court of Appeals explicitly decided the issues concerning his role in the offense and the District Court's failure to grant a downward departure for cooperation. As to the petitioner's role in the offense, the Court found as follows:

> In all events, Granada was convicted of importing a specific shipment of heroin. He is the one who did the importing and while there is some indication that someone else furnished him with the drugs, there is almost nothing to indicate that his role in this importation was minor. Given that the burden was on Granada to show that he was entitled to the downward adjustment, the district court did not err in its conclusion that the adjustment was unwarranted.

de-Jesús-Granada, supra at 2.

The Court of Appeals also concluded that petitioner's allegations concerning this Court's failure to award a downward departure pursuant to U.S.S.G. §5K2 were meritless and found itself without jurisdiction to review our discretionary decision not to depart. Id. at 3, ¶2.

The Court of Appeals' decision concerning the sentencing issues (role in the offense and failure to depart) stands as the law of this case.

We now turn to petitioner's allegations that he was mentally ill and/or incompetent for purposes of entering a valid plea of guilty to the offense of conviction and sentencing, and the United States' request for their dismissal as procedurally defaulted, absent cause and prejudice.

We find that, contrary to respondent's allegations, petitioner's attempts to question the validity of his plea based on his mental state at the time cannot be summarily dismissed based

on procedural default because the record attests to the fact that counsel attempted to supplement the record on appeal to that effect.

Fed. R. Cr. P. 32(e) states that,

> If a motion to withdraw a plea of guilty or nolo contendere is made before sentence is imposed, the court may permit the plea to be withdrawn if the defendant shows any fair and just reason. <u>At any later time, a plea may be set aside only on direct appeal or by motion under 28 U.S.C. §2255.</u>

Petitioner's choice to file a motion pursuant to 28 U.S.C. §2255 was, therefore, correct. However, petitioner's post-sentencing request for plea withdrawal pursuant to Section 2255 requires that he meet the stringent standard that a "miscarriage of justice" would otherwise result. Although the record suggests that petitioner has failed to meet that standard, we recognize that a proper factual determination and conclusion cannot be made absent development of an adequate evidentiary record which clearly elicits the necessary information to assess petitioner's allegations, some of which rely on matters which are beyond the record of the proceedings. We thus decline to <u>finally</u> address petitioner's claims concerning the validity of his plea until affording an opportunity to allow sufficient development of the record. <u>See</u> <u>U.S. v. Caggiano</u>, 899 F.2d 99, 100 (1st Cir. 1990).

WHEREFORE, for the reasons stated herein, the Court orders as follows: (1) Certified Court Reporter Thomas J. Cochran, is ordered to transcribe and file, no later than 30 days from the date of this Opinion and Order, petitioner's Change of Plea Hearing, held on August 28, 1995 in Criminal No. 95-213(CCC); (2) this case is referred to a U.S. Magistrate Judge who shall develop the evidentiary record concerning the validity of petitioner's plea and any other pertinent matter(s), and submit proposed findings and recommendations for the final

CIVIL 97-1650CCC                    4

disposition of this case; (3) petitioner's motion to proceed in forma pauperis (Docket No. 1) is GRANTED; (4) the Clerk shall randomly assign counsel to represent the petitioner pursuant to the Criminal Justice Act of 1964, as amended, as the interests of justice so require.

SO ORDERED.

At San Juan, Puerto Rico, on August 18th, 2000.

CARMEN CONSUELO CEREZO
United States District Judge

AO 72A
(Rev.8/82)